UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD S. VICIAN, DOLORES
M. VICIAN, GLENN S. VICIAN,
GARY J. VICIAN, and GALE A.
VICIAN

       Plaintiffs,

v.    Case No: 2:13-cv-694-FtM-29DNF

GORDON D. VICIAN and
GREGORY L. VICIAN,

       Defendants.

## ORDER

This matter comes before the Court on review of the Complaint (Doc. #1) filed on September 27, 2013.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶¶ 1-7.) Plaintiffs cite to 28 U.S.C. § 1332(d)(2), (d)(5) and 28 U.S.C. § 1453 as a basis for jurisdiction. Subsection (d) of Section 1332 only pertains to class actions. There are no class allegations and the amount in controversy is not purported to be in excess of $5,000,000, therefore Section 1332(d) cannot form the basis for jurisdiction. The other basis cited, Section 1453, applies to

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

class action cases removed from state court only. The Court will construe the Complaint as being brought under 28 U.S.C. § 1332(a). This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiffs seek to partition real property currently valued at $148,000, and for other miscellaneous relief. The relevant allegations are as follows: The original purchase price of the property at issue was $296,000, and was paid by plaintiffs only. After it was purchased, a General Warranty Deed was executed adding defendants as owners. Defendants never paid any monies or consideration towards the purchase price of the condominium, or towards any later costs or expenses in maintaining or improving the property. An Offer to Purchase in the amount of $149,900 is pending with a closing scheduled for October 7, 2013, however defendants have refused to cooperate and agree to the sale. Defendants' share of the proceeds from a sale would not meet or exceed the amount in controversy, however the addition of the pro rate amount sought from improvements made to the property may bring the total to $75,000. The Court finds that plaintiffs have not sufficiently pled the amount in controversy, and will require a more definite statement pursuant

to Fed. R. Civ. P. 12(e), if a diversity of citizenship exists as discussed below.

As to the citizenship of the parties, the allegations are that plaintiffs Edward Vician and Dolores Vician are "residents" of the State of Florida, plaintiff Glenn Vician is a "resident" of the State of Indiana, and plaintiffs Gary Vician and Gale Vician are "resident[s]" of the State of Illinois. (Doc. #1, ¶¶ 1-4.) Plaintiffs also allege that defendant Gordon Vician is a "resident" of the State of California and defendant Gregory Vician is a "resident" of the State of Illinois. (Id., ¶¶ 5-6.)

As pled, no diversity of citizenship exists. Section 1332 requires complete diversity, that is, all plaintiffs must be diverse from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); University of S. Ala. v. Am. Tobacco, 168 F.3d 405, 412 (11th Cir. 1999). At least one plaintiff and one defendant are both potentially citizens of Illinois. Therefore, the Complaint would be dismissed on this basis.[2]

---

[2] The Court notes that Count 2 is improperly incorporated into Count 1. This presents a "shotgun pleading" and the Complaint will also be dismissed for this reason. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.").

Even if a diversity of citizenship exists, the allegations are insufficiently pled. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege the citizenship of the parties.

Plaintiffs will be provided an opportunity to plead the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653, if they can do so.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended

4

Complaint within **SEVEN (7) DAYS** of this Order. If no Amended Complaint is filed, the Court will close the case without further order or notice.

    **DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of October, 2013.

                                                                JOHN E. STEELE
                                                               UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record