UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD S. VICIAN, DOLORES M. VICIAN, and GLENN S. VICIAN,

    Plaintiffs,

v.                              Case No:  2:13-cv-694-FtM-DNF

GORDON D. VICIAN and GREGORY L. VICIAN,

    Defendants.

## OPINION AND ORDER

On May 1, 2014, the Court entered an Order to Show Cause (Doc. 67) raising concerns as to whether the Court has subject-matter jurisdiction in this matter.  The Order to Show Cause required Plaintiffs, Edward S. Vician, Dolores M. Vician, and Glenn S. Vician, to file a memorandum briefing the issue and granted Defendants, Gordon D. Vician and Gregory L. Vician, leave to file a response in opposition to Plaintiff's memorandum.  On May 15, 2014, Plaintiffs filed a Response to the Order to Show Cause (Doc. 67), and, on May 22, 2014, Defendants filed a Response to Plaintiffs' Memorandum in Response to Order to Show Cause (Doc. 73).  For the reasons explained below, the Court finds that the case is due to be **DISMISSED** on the grounds that it does not have subject-matter jurisdiction of this action.

This case involves a claim for a partition of property located in Lee County, Florida.  At the time of the filing of this action, the property was jointly owned by Plaintiffs, Gary Vician, Gale Vician and Defendants.  Defendants object to the sale of the subject property.  Edward and Dolores Vician ("the Vician Parents") are citizens of Florida; Glenn Vician is a resident of

Indiana; Gary and Gale Vician are residents of Illinois; Gordon Vician is a resident of California; and Greg Vician is a resident of Illinois.

On September 27, 2013, Plaintiffs filed their original Complaint (Doc. 1) in which the Vician Parents, Glenn Vician, Gary Vician, and Gale Vician were named as plaintiffs and Gordon Vician and Gregory Vician were named as defendants. The Complaint alleged that in July 2006 the subject property was conveyed by the Vician Parents to themselves and their five children. (Doc. 1 p. 5). The Complaint alleged that Plaintiffs Gary Vician and Gale Vician and Defendant Gregory Vician were residents of Illinois.

On October 1, 2013, the Court entered an Order (Doc. 7) dismissing the original Complaint for lack of subject-matter jurisdiction. The Court explained that Plaintiffs had erroneously pled the "residency" of the parties instead of their "citizenship," and noted that at least one plaintiff (Gary or Gale Vician) and one defendant (Gregory Vician) were both potentially citizens of Illinois, thus destroying subject-matter jurisdiction. The Court granted Plaintiffs seven days to file an amended complaint addressing these issues.

On October 4, 2013, Plaintiffs filed an Amended Complaint (Doc. 8). The Amended Complaint removed Gary and Gale Vician as plaintiffs, alleging that Gary and Gale Vician had assigned all of their interest in the subject real estate to the Vician Parents. The operative Plaintiffs' Verified Third Amended Complaint (Doc. 25) filed on November 5, 2013 alleged that subject-matter jurisdiction was based on diversity of citizenship.

As noted above, on May 1, 2014, the Court entered an Order to Show Cause (Doc. 67) raising the Court's concerns with subject-matter jurisdiction. The Court questioned the validity of the assignments signed by Gary and Gale Vician to transfer their ownership interests in the subject real property. The Court ordered Plaintiffs to show good cause why this case should not be dismissed for failure to join required or necessary parties to this action, namely Gary and Gale

Vician as partial owners of the property, or if their joinder defeats subject-matter jurisdiction, then why this action should not be dismissed and filed in the appropriate court. The Court directed Plaintiffs to provide case law as to the validity of the assignments signed by Gale Vician and Gary Vician to transfer ownership of real property. The Court also required Plaintiffs to show good cause that they have met the amount in controversy requirements of 28 U.S.C. § 1332(b). Plaintiff's filed a Response to the Order to Show Cause (Doc. 67), and, on May 22, 2014, Defendants filed a Response to Plaintiffs' Memorandum in Response to Order to Show Cause (Doc. 73).

In order for the Court to have diversity of citizenship jurisdiction there must be complete diversity of citizenship between plaintiffs and defendants, and the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In their Response to the Order to Show Cause, Plaintiffs argue that these requirements are met in this case. While acknowledging that the assignments signed by Gary and Gale Vician in October 2013 were not valid transfers of their interest in the subject property, Plaintiffs contend that this issue is now rectified as Gary and Gale Vician have executed a Quitclaim Deed conveying their interest in the subject property to the Vician Parents. Therefore, Plaintiffs argue, Gary and Gale Vician no longer have any legal interest in the subject property and are not necessary parties to this action.

Defendants argue that Gary and Gale Vician were necessary and indispensable parties at the time Plaintiffs filed their Third Amended Complaint as they had not actually conveyed their interest in the subject property. Thus, Defendants contend that diversity of citizenship did not exist at the time the Third Amended Complaint was filed.

"It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) (citing *Mollan v. Torrance*, 9 Wheat. 537, 539, L.Ed. 154 (1824)). Under this

time-of-filing rule, all challenges to subject-matter jurisdiction premised on diversity of citizenship are measured against the state of facts that existed at the time of filing—whether the challenged was brought shortly after filing, after the trial, or even for the first time on appeal. *Id.* Diversity of the parties is determined at the time that the complaint is filed. *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428 (1991)). The Supreme Court notes that it has "adhered to the time-of-filing rule regardless of the costs it imposes." *Grupo*, 541 U.S. at 571.

In this case, there is no question that there was not complete diversity between all plaintiffs and defendants at the commencement of this action, or even at the time of the filing of Plaintiffs' Verified Third Amended Complaint. Under Florida law, the owners of property are necessary and indispensable parties in a suit to partition. *Rogers & Ford Constr. Corp. v. Carlandia Corp.*, 626 So. 2d 1350, 1355 (Fla. 1993) (comparing *Cline v. Cline*, 101 Fla. 488, 494, 134 So.546 (1931)); *See also*, *DiPrima v. DiPrima*, 435 So. 2d 876, 877 (Fla. 5th DCA 1983). At the time of the filing of this action Gary and Gale Vician each possessed an undivided interest as joint tenants with full rights of survivorship in the subject property, and were thus necessary and indispensable parties to this partition action. Seemingly, not until after the Court's October 13, 2013 Order dismissing the original complaint did Plaintiffs realize that diversity of citizenship could not be met so long as Gary and Gale Vician held an interest in the subject property, and thus attempted to divest themselves of their property interests through assignment. Plaintiffs now acknowledge that these attempted assignments were invalid, and Gary and Gale Vician still retained their property interests in the subject property even at the time of the filing of Plaintiffs' Verified Third Amended Complaint. Although Gary and Gale Vician may not presently have an interest in the subject property due to their quitclaim conveyance to the Vician Parents, they clearly did at the time of the filing of this action and at the time of the filing of Plaintiffs' Verified Third Amended Complaint. As Gary and Gale

Vician and Defendant Gregory Vician are both citizens of Illinois, it is clear that under the time-of-filing rule, not all plaintiffs were diverse from all defendants. Accordingly, this case is due to be dismissed for a lack of subject-matter jurisdiction.

As the Court finds the diversity of citizenship requirement of 28 U.S.C. § 1332 was not satisfied at the time of filing, there is no need to address whether the amount-in-controversy requirement was satisfied.

**IT IS HEREBY ORDERED THAT:**

This case is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk of Court is directed to terminate all pending motions and deadlines, enter judgment, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties